

## RubinFortunato
### Employment Law That Works

**MICHAEL J. FORTUNATO**
DIRECT DIAL: (610) 408-2005
DIRECT FAX: (610) 854-4305
mfortunato@rubinfortunato.com

May 1, 2014

***Via UPS Overnight Mail***

The Honorable L. Felipe Restrepo
USDC Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA 19106-1797

      Re:    **Core Communications, Inc. v. Zayo Group, LLC**
             **Civil Action No: 14-CV-01059**

Your Honor:

    I write in response to the April 22, 2014 letter of Plaintiff Core Communications, Inc. ("Core") enclosing the Plaintiff's *Notice of Voluntary Dismissal* under Rule 41(a)(1) of the Federal Rules of Civil Procedure.

    Although a defendant cannot stop a plaintiff from filing a Rule 41(a) dismissal, a defendant can address a misstatement in the notice and accompanying correspondence to the Court. In this case, Core filed the *Notice of Voluntary Dismissal* while its fully briefed, contested motion to compel arbitration was pending before the Court. In the *Notice of Voluntary Dismissal*, Core represented to the Court that it was dismissing the case "based upon the mooting of all issues, including . . . [n]otification from the [AAA] that the AAA is *proceeding with the arbitration of the claims* . . . ." (emphasis added). In its transmittal letter to the Court, Core likewise represented that "the Motion to Compel Arbitration . . . is moot because of the decision by the [AAA] to proceed." See *Notice of Voluntary Dismissal* and transmittal letter attached hereto as Exhibit "1."

    The AAA made no such determination. Rather, the AAA informed the parties on April 3, 2014 that it had made "an administrative determination that [Core] has met the filing requirements by filing a demand for arbitration providing for administration by the AAA under its Rules." Therefore, the AAA noted that it intended to "*proceed with the administration of the arbitration*" (not proceed with the arbitration of the claims) unless a court issued an order staying the AAA arbitration. See April 3, 2014 email from AAA to the parties attached hereto as Exhibit "2." Of course, pending before the Court at the time of the Rule 41 dismissal was Core's Motion

The Honorable L. Felipe Restrepo
May 1, 2014
Page 2

to Compel Arbitration and Zayo's opposition to the Motion. If the Court denied Core's Motion, the Order would have in effect stayed the AAA arbitration.

Core obviously must bear the legal consequences of its decision to dismiss the federal court action in which its own Motion to Compel was pending. However, it seemed appropriate to note on the record that (1) Zayo did not acquiesce to the representation that the Motion to Compel was "moot"; and (2) the AAA did not "confirm" that it was "proceeding with the arbitration of the claims." Rather, the AAA merely stated that it would proceed with the administration of the arbitration. Whether Core's claims are arbitrable remains unresolved.

Respectfully,

Michael J. Fortunato

MJF/dmc

cc: Gary B. Cutler, Esq. (*via Email and U.S. First Class Mail*)
    Christopher Van de Verg, Esq. *(via Email and U.S. First Class Mail)*



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON | VIRGINIA

Exhibit 1

Gary B. Cutler, Esquire
(267) 338-1308 (Direct Dial)
(267) 338-1335 (Facsimile)
gcutler@offitkurman.com

April 22, 2014



The Honorable L. Felipe Restrepo
8613 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

    Re:    **Core Communications, Inc. v. Zayo Bandwidth Northeast, LLC**
    Case No.:    14-1059
    My File No.:    02310026-3

Dear Judge Restrepo:

    In review of Your Honor's online procedures, I note that parties are requested to provide Your Honor with motions, briefs and memoranda. Although the attached does not directly fall into those categories, in an abundance of caution, I am sending Your Honor a copy of a Rule 41(a) voluntary dismissal which has been filed with the Clerk.

    This is being mailed to chambers because of the pending Motion to Compel Arbitration and that, in a sense, this would directly affect that Motion. As noted in the filing, this dismissal has been submitted because of the elimination of the reasons for the initial filing, i.e. the protection of customers of the plaintiff through transfer of the telecommunication lines to another company, thereby assuring that, to the extent Zayo provides service, the ultimate consumers will not be without availability of internet access. In addition, the remaining issue, i.e. the Motion to Compel Arbitration, is moot because of the decision by the American Arbitration Association to proceed.

    Plaintiff thanks Your Honor for your consideration of the matters with which you have been presented throughout this litigation.

Respectfully,

Gary B. Cutler

GBC/rmb
Enclosure
cc:    Christopher Van de Verg, Esq. (via e-mail)
       Michael Fortunato, Esq. (via e-mail)
       Lauren Fulman Cell, Esq. (via e-mail)

4847-6681-9354, v. 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| CORE COMMUNICATIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZAYO BANDWITH NORTHEAST, LLC, )<br>f/k/a, PPL TELCOM, LLC )<br>)<br>Defendant. ) | Case No. 14-1059 |

### NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41

Pursuant to Federal Rule of Civil Procedure 41(a)(1), plaintiff, Core Communications, Inc., hereby voluntarily dismisses this action without prejudice. This action is being voluntarily dismissed based upon the mooting of all issues, including:

1. The request for Temporary Restraining Order: The transfer of transmission lines to another provider protects the ultimate consumer's internet access; and

2. The request that this Court Compel Arbitration under the Master Services Agreement ("MSA") entered into between the parties: Notification from the American Arbitration Association has confirmed that the AAA is proceeding with the arbitration of the claims that have been submitted pursuant to that MSA.

1

|  |  |
|---|---|
| Filed: April 22, 2014 | OFFIT KURMAN<br>/s/ Meghan K. Finnerty<br>Meghan Finnerty<br>Offit Kurman<br>Ten Penn Center<br>1801 Market Street, Suite 2300<br>Philadelphia, PA 19103<br>(267)338-1322<br>mfinnerty@offitkurman.com<br><br>CORE COMMUNICATIONS, INC.<br>s/Christopher F. Van de Verg<br>Christopher F. Van de Verg (*Pro Hac Vice*)<br>Core Communications, Inc.<br>209 West Street, Suite 302<br>Annapolis, MD 21401<br>Tel. (410) 216-9865<br>*Attorneys for Core Communications, Inc.* |

2

**Fortunato, Michael J.**

| | |
|---|---|
| **From:** | AAA Barbara Cook [barbaracook@adr.org] |
| **Sent:** | Thursday, April 03, 2014 3:21 PM |
| **To:** | chris@coretel.net; anisenzon@zayo.com; Fortunato, Michael J. |
| **Subject:** | 14 494 00221 14 Core Communications v PPL Telcom- update |

Dear Parties:

This will acknowledge receipt of a letter dated March 11, 2014 from Respondent, and comments from Claimant dated March 14, 2014.

The issue before the American Arbitration Association ("AAA") is whether the filing requirements contained in the AAA's Rules have been met by the Claimant. After review of the file, the AAA has made an administrative determination that Claimant has met the filing requirements by filing a demand for arbitration providing for administration by the AAA under its Rules. Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the AAA will proceed with the administration of the arbitration.

However, the parties' contentions have been made a part of the file and will be forwarded to the arbitrator upon appointment, at which time the parties may submit their jurisdictional or arbitrability arguments to the arbitrator for determination.

The next step for this matter will be sending you both an arbitrator list and resumes for the selection of the neutral. I encourage the parties to agree on a neutral. Absent agreement each party will strike the names objected to, number the remaining names in order of preference and return the list. The list for selection of arbitrators will also be available on-line. The parties will be able to strike and rank their preferences, which will be kept confidential.

Please contact me if you have any questions or concerns.

Sincerely,

Barbara



**AAA Barbara Cook
Manager of ADR Services**
American Arbitration Association
T: 401 431 4774
F: 866 644 0234
950 Warren Ave.
East Providence, RI 02914-1414
www.adr.org

Yvonne L. Baglini, Director
Northeast Case Management Center

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.